Argued May 23; Modified June 20, 1944

## STOLL *v.* STOLL

(149 P. (2d) 577)

Before Bailey, Chief Justice, and Rossman, Kelly, Lusk and Hay, Associate Justices.

*Francis F. Yunker,* of Portland, for appellant.

*Stephen W. Matthieu,* of Portland, for respondent.

KELLY, J.

This is a suit for divorce. From a decree in favor of plaintiff, awarding her $500.00 alimony in lieu of

attorneys' fees and suit money and giving her the custody of their minor son, defendant appeals.

Defendant contested plaintiff's suit for divorce, but did not file a cross-complaint asking that a decree of divorce be granted in his favor.

■ We think that the testimony supports the decree of divorce granted by the trial court.

Plaintiff's testimony discloses that defendant was jealous and quarrelsome. Upon an occasion about a year before the trial, while the plaintiff and defendant with some friends were in attendance at a dance at the Columbia Club, according to plaintiff's testimony, defendant created a scene and when leaving, defendant opened the rear door of their car and pushed plaintiff into the car with such violence as to cause her to have black and blue marks for a couple of weeks.

Some two years or more before the trial, according to plaintiff's testimony, defendant and plaintiff, plaintiff's brother and his wife and plaintiff's sister went to the "Log Cabin" in Oswego to dine and dance. While defendant and plaintiff's sister were dancing together and plaintiff's brother and his wife were also dancing, a gentleman came to the table where plaintiff was sitting alone and was in the course of asking plaintiff to dance when defendant walked off the dance floor, came to the table, told the man to get out of there and leave plaintiff alone thereby creating such a scene as to attract the attention of all the people in the room.

Plaintiff went to work on the 14th of October, 1942, for the City of Portland at the Stanton yards of the Department of Public Works. A couple of months thereafter, plaintiff refused to go with defendant to her brother's home for dinner and was in the act of telephoning to her sister-in-law when, according to

plaintiff, defendant grabbed the telephone away from her, threatened to hit plaintiff with it, grabbed plaintiff's wrist and threw her over a chair causing a bruise upon plaintiff's ankles which remained for over a month.

Defendant denies that he has ever struck or offered to strike plaintiff and seeks to justify his conduct on the ground that his self-respect prompted him to protest the allegedly unseemly conduct of his wife.

In his further and separate answer and defense, among other things, defendant alleges:

"That on numerous occasions and several times per week, this plaintiff has gone to dances and other forms of entertainment with persons other than this defendant.

That on occasions when this plaintiff and defendant have attended dances together, this plaintiff did without the consent and against the will of this defendant dance and associate with men who were unknown to either the plaintiff or defendant.

That on numerous occasions, this plaintiff did come home in the early hours of the morning and in an intoxicated condition and especially on or about the 29th day of December, 1942, this plaintiff failed to return home from work until 4:15 A. M. and on that occasion was so intoxicated that she was unable to undress."

Impressing the foregoing accusations upon the record of this case, is not consistent with defendant's avowal of his continuous love and affection for plaintiff.

Defendant's testimony tends to support his allegations, but they are denied by plaintiff in her reply and by her testimony. A consideration of the record leads us to the conclusion that they are not proven.

■ During the course of the trial, the following stipulation was made by the parties hereto:

"It is stipulated by and between the plaintiff and defendant, through their attorneys of record, that the question of additional attorney's fees and costs, if any, to be allowed plaintiff, shall be left to the discretion of the Court without the introduction of any testimony."

In paragraph 4 of the final decree of the trial court, it is ordered and adjudged:

"That the defendant pay the plaintiff the sum of $500.00 as alimony in a lump sum, in lieu of suit money and attorney fees, and that plaintiff have judgment against defendant in such sum."

We think the foregoing order and judgment is not supported by the stipulation above quoted.

On February 16, 1944, plaintiff filed with the clerk of this court the following motion, title and signature being omitted:

"Comes now plaintiff-respondent, by Stephen W. Matthieu, her attorney and based upon the record in the above cause and based upon the affidavit hereto attached and moves the Court for an Order allowing plaintiff in the above cause the sum of Five Hundred ($500.00) Dollars as attorney fees and suit money. However plaintiff-respondent does not desire to urge this Motion upon the Court except in the event the Court disallows and sets aside Paragraph IV of the Decree appealed from."

■ The affidavit to which reference is made in the foregoing motion, *inter alia,* sets forth that, shortly after the filing of this suit, the judge of the Domestic Relations Department of the Circuit Court of Multnomah County, Oregon, made an interlocutory order di-

recting that defendant pay plaintiff the sum of $50.00 on account of attorneys' fees and costs incurred by plaintiff to that date which amounted to $71.00 all together and said sum was paid by defendant to plaintiff's attorneys; that there has been no other provision made for suit money and attorneys' fees and nothing has been paid therefor except $71.00, as above mentioned; and that a total of $92.00, exclusive of attorneys' fees has been expended for suit money. It also appears that the trial in the circuit court lasted the better part of two days.

Giving consideration to the record in the circuit court and in this court, we think that in addition to the $71.00, formerly allowed, as above stated, plaintiff is entitled to an award of $500.00 as suit money and attorneys' fees in the trial court and upon this appeal.

The decree of the trial court is modified by striking said paragraph 4 therefrom and in lieu thereof ordering and adjudging that in addition to the amount of $71.00 allowed to plaintiff by the trial court as suit money and attorneys' fees the further sum of $500.00 be and the same is awarded to plaintiff therefor and that plaintiff have judgment against defendant in said sum of $500.00.

Except as above modified, the judgment and decree of the circuit court is affirmed.